IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLAKNEY BROWN<br>6111 Colgate Street<br>Philadelphia, PA 19111<br><br>   Plaintiff,<br><br>  v.<br><br>ENCLARA PHARMACIA, INC.<br>1601 Cherry Street, Suite 1700<br>Philadelphia, PA 19102<br><br>   Defendant. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Debra Blakney Brown (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Enclara Pharmacia, Inc. (hereinafter referred to as "Defendant" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et seq.*) and the Family and Medical Leave Act ("FMLA").[1] As a direct consequence of Defendant' unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's

---

[1] Plaintiff also intends to include claims under Pennsylvania Human Relations Act ("PHRA" – 43 P.S. §§ 951 *et seq.*) if and when such claims become administratively exhausted with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff's PHRA claims will mirror her ADA claims as set forth herein.

state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a pharmaceutical company for which Plaintiff was employed at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Defendant is an "employer" for purposes of the FMLA and ADA (and PHRA) as it has and continues to employ over at least fifty (50) employees.

**FACTUAL BACKGROUND**

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired as a temporary employee by ExcelleRx on or about January 13, 2014 to work at 1601 Cherry Street, Suite 1700 in Philadelphia, PA.

12.     In or about February of 2015, Defendant acquired the above-captioned location from ExcelleRx and kept Plaintiff on as a temporary employee.

13.     Defendant made Plaintiff a permanent employee on or about June 23, 2014.

14.     Plaintiff worked for Defendant as a Pharmacy Technician.

15.     In or about the spring of 2015, Plaintiff began experiencing various health conditions related to her neck, shoulder, arms, and wrists including but not limited to carpal tunnel syndrome in both hands, pinched nerves, and other injuries/conditions.

16.     Plaintiff's aforementioned health conditions constitute disabilities under the law as they, at times, substantially limit Plaintiff's enjoyment of several daily life activities including but not limited to performing physical tasks, gripping, lifting, working, and other life activities.[2]

17.     For example, Plaintiff missed approximately three (3) days from work in or about late April / early May due following a trip to the emergency room for her aforementioned health conditions.

18.     Plaintiff also has undergone multiple medical procedures in connection with her aforementioned disabilities.

19.     For example, on or about May 2, 2015, Plaintiff was put in a cast.

---

[2] While such life activities may be impacted, this paragraph should not be construed to mean Plaintiff is impacted on an every-day basis in this manner. Nor should this paragraph be construed as an exhaustive list of the ways in which Plaintiff is impacted (but rather, provides some examples).

20. Plaintiff worked with a cast on and fully visible for approximately 1.5 weeks.

21. In or about the middle of May of 2015, Plaintiff required a brief medical leave of absence to care for her disabilities.

22. Plaintiff informed Defendant's management that she would require the aforementioned medical leave of absence and that such leave of absence would be approximately two (2) weeks long (a reasonable accommodation).

23. Defendant's management told Plaintiff that a two week absence would cause Plaintiff to exceed the amount of allotted attendance "points" and Plaintiff's employment would be terminated.

24. Defendant's management terminated Plaintiff's employment on or about May 21, 2015 because her medical leave of absence would have put her over the allotted amount of attendance points required for termination under Defendant's policy.

25. Plaintiff only required the ability to take a medical leave of absence until on or about June 1, 2015, an extremely reasonable accommodation.

26. Plaintiff believes and therefore avers that she was terminated because she was not properly accommodated, because of her health conditions and/or in retaliation for her requests for and utilization of medical accommodations.

27. Plaintiff was also never informed of her rights pursuant to the FMLA and was terminated in retaliation for taking an FMLA-qualifying leave.

**COUNT I**
**Violations of the Americans with Disabilities Act ("ADA", as amended)**
**([1] Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

30. Plaintiff was terminated soon after disclosing her health conditions and requesting accommodations.

31. Defendant's management terminated Plaintiff's employment for absences that should have been accommodated under the ADA.

32. These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA.

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Defendant is an employer pursuant to the FMLA as it has over fifty (50) employees.

35. Plaintiff is an employee under the FMLA as she worked for Defendant for over one (1) year.

36. Plaintiff is an employee under the FMLA as she worked 1250 or more hours in the preceding year.

37. Plaintiff notified Defendant's management that she needed to take a brief, approximately two-week medical leave of absence due to her own serious health condition.

38. Plaintiff also informed Defendant's management of previous absences and hospitalization due to her serious health condition.

39. Defendant failed to notify Plaintiff of her rights pursuant to the FMLA.

40. Defendant also failed to certify Plaintiff's leave as FMLA-qualifying.

41. Defendant failed to reinstate Plaintiff to her position following an FMLA-qualifying leave of absence.

42. Defendant terminated Plaintiff's employment for taking an FMLA-qualifying leave of absence.

43. These actions as aforesaid constitute interference and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.   Plaintiff is entitled to a trial by jury as stated in the caption of the instant Complaint.

                                      Respectfully submitted,

                                      **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                                      Ari R. Karpf, Esq.
                                      3331 Street Road
                                      Two Greenwood Square, Suite 128
                                      Bensalem, PA 19020
                                      (215) 639-0801

Dated: March 24, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DEBRA BLAKNEY BROWN | : | CIVIL ACTION |
| v. | : | |
| ENCLARA PHARMACIA, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 3/24/2016 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6111 Colgate Street, Philadelphia, PA 19111

Address of Defendant: 1601 Cherry Street, Suite 1700, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/24/2016    _____    ARK2484
                   Attorney-at-Law    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/24/2016    _____    ARK2484
                   Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

*₂JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BLAKNEY BROWN, DEBRA

(b) County of Residence of First Listed Plaintiff: Philadelphia

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
ENCLARA PHARMACIA, INC.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" (42USC12101); Family & Medical Leave Act "FMLA" (29USC2601)
Brief description of cause:
Violations of the ADA an the FMLA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions)
JUDGE
DOCKET NUMBER

Explanation:

DATE: 3/24/2016

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]